# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

|  |  |
|---|---|
| PATRICIA COCHRAN, | CIVIL ACTION |
| Plaintiff, |  |
| v. | No. 14-2165 |
| TYSHWAN JACKSON, |  |
| Defendant. |  |

## MEMORANDUM

**ROBERT F. KELLY, Sr. J.**                                                            **JUNE 8 , 2015**

      Presently before this Court is Plaintiff, Patricia Cochran's, "Motion In Limine to Preclude the Expert Report and Expert Testimony of Dr. Ryan K. Lee," and Defendant, Tyshwan Jackson's, Response in Opposition. For the reasons set forth below, Plaintiff's Motion is denied.

## I.    BACKGROUND

      The proceedings before this Court are the result of an automobile accident involving Plaintiff, Patricia Cochran ("Plaintiff"), and Defendant, Tyshwan Jackson ("Defendant"). Compl. ¶ 5. Plaintiff alleges that on October 2, 2012, while traveling by vehicle near City Line Avenue, a vehicle driven by Defendant suddenly and without warning entered Plaintiff's lane and collided with her vehicle. Id. As a result of the collision, Plaintiff asserts that she suffered serious injuries. Id.

      Plaintiff filed suit against Defendant in the United States District Court for the Eastern District of Pennsylvania on April 14, 2014. See Compl. Jurisdiction in this case is proper under diversity of citizenship as Plaintiff seeks sums in excess of $75,000, and the parties are citizens

1

of different states.[1]  28 U.S.C.§ 1332; see also Id. ¶¶ 1-2.  Plaintiff's suit alleges one count of negligence, and seeks sums in excess of $75,000.  Id. ¶ 7.

Defendant filed an Answer with affirmative defenses to Plaintiff's Complaint on June 4, 2014.  (See Def.'s Answer.)  On June 25, 2014, after a telephone conference between the Court and the parties, the Court entered a Scheduling Order.  (See Sch. Order, June 25, 2014.)  This Order required Defendant to submit his expert reports to Plaintiff within thirty days of receiving Plaintiff's expert reports, which were due on August 25, 2014.  (Id.)  Thus, Defendant had until September 24, 2014, to submit all expert reports to Plaintiff.[2]

Defendant did not have Plaintiff examined by any medical expert or submit any expert medical reports to Plaintiff prior to the arbitration hearing on February 25, 2015.  (Pl.'s Mot. In Limine ¶¶ 6-7.)  At the arbitration hearing, Defendant did not introduce any medical expert reports into evidence.  (Id.)  At the completion of this hearing, an arbitration award was entered in favor of Plaintiff.  (Id. ¶ 8.)  Defendant, subsequently, filed a Notice of Appeal of the Arbitration Award and Demand for Trial De Novo with this Court.  (See Doc. No. 12.)  As a result, a civil jury trial is scheduled for July 13, 2015.  (See Doc. No. 13.)

On May 1, 2015, Plaintiff's counsel received a letter, dated April 29, 2015, from Defendant's counsel identifying Dr. Ryan K. Lee ("Dr. Lee") as a medical expert in the upcoming trial.  (See Pl.'s Mot. In Limine ¶ 10.)  Included as an attachment to this letter was a

---

[1] Plaintiff is a resident of Philadelphia, Pennsylvania, and Defendant is a resident of Mount Laurel, New Jersey. Id. ¶¶ 1-2.

[2] The Court notes that Plaintiff asserts that the deadline for filing expert reports was September 25, 2014. (See Pl.'s Memo. of Law in Supp. of Mot. In Limine, 2.)  However, according to the Court's calculation the thirty day deadline set forth in the Scheduling Order required Defendant to submit the expert reports by September 24, 2014.  As such, we utilize this date.

two-page report authored by Dr. Lee in which he sets forth his expert medical opinion of Plaintiff's injuries. (Id. Ex. F.)

On May 5, 2015, Plaintiff filed the instant Motion In Limine to Preclude the Expert Report and Expert Testimony of Dr. Lee. (See Id.) The legal argument for excluding such evidence is rooted in the Scheduling Order entered by the Court on June 25, 2014. (See Doc. No. 8.) Under the express terms of the Scheduling Order, "Defendant shall forward his expert report(s) to Plaintiff within thirty (30) days of receiving the Plaintiff's expert report." (See Doc. No. 8 ¶ 4.) Pursuant to this timeline, Defendant had until September 24, 2014, at the latest, to provide any expert reports to Plaintiff. (Id. ¶ 3) However, Defendant did not provide the expert report of Dr. Lee to Plaintiff until May 1, 2015, which is more than seven months after the deadline had passed. As a consequence of this late production of the expert report, Plaintiff asserts that she has been "extremely prejudiced and surprised." (Pl.'s Memo. of Law in Supp. of Mot. In Limine, 4.) Thus, Plaintiff argues that the expert report and the expert testimony of Dr. Ryan K. Lee should be excluded as untimely under the Federal Rules of Civil Procedure[3] and the Scheduling Order entered by this Court.[4]

---

[3] Specifically, Plaintiff asserts violations of the following Federal Rules of Civil Procedure:

Federal Rule of Civil Procedure 26(a)(2)(A): *Disclosure of Expert Testimony: In General*. In addition to the disclosures required by Rule 26(a)(1), a party must disclose to the other parties the identity of any witness it may use at trial to present evidence under Federal Rule of Evidence 702, 703, or 705. Fed. R. Civ. P. 26(a)(2)(A).

Federal Rule of Civil Procedure 26(a)(2)(D): *Time to Disclose Expert Testimony*. A party must make these disclosures at the time and in the sequence that the court orders. Absent a stipulation or a court order, the disclosures must be made: (i) at least 90 days before the date set for trial or for the case to be ready for trial; or (ii) if the evidence is intended solely to contradict or rebut evidence on the same subject matter identified by another party under Rule 26(a)(2)(B) or (C), within 30 days after the other party's disclosure. Fed. R. Civ. P. 26(a)(2)(D).

Defendant filed a Response in Opposition nine days later denying the basis for the Plaintiff's Motion In Limine. (See Def.'s Resp. in Opp'n.) In this Response, Defendant argues that since the Scheduling Order solely references an arbitration hearing, it applied only to that hearing, and not the current appeal de novo. (Def.'s Resp. in Opp'n, 8.) Thus, Defendant contends that the inclusion of the expert report and testimony of Dr. Lee was timely, and, therefore, Plaintiff lacks any grounds to exclude this evidence. (Id.)

## II. DISCUSSION

As a preliminary matter, the Court must determine the applicability of the Scheduling Order to the current trial de novo. It is Defendant's legally unsupported contention that the explicit terms of the Scheduling Order indicate that the deadlines only applied to the arbitration hearing. (Def.'s Resp. in Opp'n, 8.) However, under Local Rule 53.2(7)(B), "[U]pon demand for a trial de novo, the action shall be . . . ***treated for all purposes as if it had not been referred to arbitration***." See Loc. R. Civ. P. 53.2(7)(B) (emphasis added.) According to the plain language of the rule, once Defendant demanded a trial de novo, the arbitration was effectively erased "for all purposes," including as a logical endpoint in the Scheduling Order. Id. Thus, a literal reading of the rule repudiates Defendant's argument, and compels a finding that the

---

Federal Rule of Civil Procedure 26(a)(3)(A)(i): *Pretrial Disclosures*. "A party must provide to the other parties and promptly file the following information about the evidence that it may present at trial other than solely for impeachment: (i) the name and, if not previously provided, the address and telephone number of each witness - separately identifying those the party expects to present and those it may call if the need arises. Fed. R. Civ. P. 26(a)(3)(A)(i).

Federal Rule of Civil Procedure 26(a)(3)(B): *Time for Pretrial Disclosures: Objections*. Unless the court orders otherwise, these disclosures must be made at least 30 days before trial. Fed. R. Civ. P. 26(a)(3)(B).

[4] In consideration of the interrelatedness of the grounds set forth by Plaintiff to exclude the testimony of Dr. Lee, we address them in conjunction. See Flickinger v. Toys R Us, No. 10-305, 2011 WL 3359646, at *1 (M.D. Pa. Aug. 3, 2011).

deadlines outlined in the Scheduling Order maintain their applicability to the current proceedings. This finding does not, however, end our inquiry.

The United States Court of Appeals for the Third Circuit ("Third Circuit") has consistently held that before excluding evidence as a sanction for failure to comply with a discovery order, the Court must consider the following factors: (1) the prejudice or surprise in fact of the party against whom the excluded witnesses would have testified; (2) the ability of that party to cure the prejudice; (3) the extent to which waiver of the rule against calling unlisted witnesses would disrupt the orderly and efficient trial of the case or of other cases in the court; (4) bad faith or willfulness in failing to comply with the district court's order; and, (5) the importance of the excluded testimony. See Meyers v. Pennypack Woods Home Ownership Ass'n, 559 F.2d 894, 904–05 (3d Cir. 1977), *overruled on other grounds*, Goodman v. Lukens Steel Co., 777 F.2d 113 (3d Cir. 1985); see also Konstantopoulous v. Westvaco Corp., 112 F.3d 710, 719 (3d Cir. 1997) (adding the fifth factor). Overall, "the exclusion of critical evidence is an 'extreme' sanction, not normally to be imposed absent a showing of willful deception or 'flagrant disregard' of a court order by the proponent of the evidence." Meyers, 559 F.2d at 905; see also Konstantopoulos, 112 F.3d at 719 (excluding expert testimony); Holbrook v. Woodham, No. 05-304, 2008 WL 544719, at *3 (W.D. Pa. Feb. 28, 2008) (stating that a judicial finding of willfulness should be reserved for repeated disregard for court orders or otherwise "flagrant" disregard of those orders, and that an "egregious" showing of bad faith was necessary).

Although the parties neglect to address all the Meyers factors, the Court, with an eye toward creating a comprehensive record, proceeds to analyze all five elements. See Sowell v. Butcher & Singer, Inc., 926 F.2d 289, 302 (3d Cir. 1991) (noting Court's failure to address all five factors, but stating that it is not an abuse of discretion). The record before the Court, when

5

viewed through the lens of these factors, evidences that this is not the type of situation which warrants the "extreme sanction" of excluding the expert report and/or expert testimony of Dr. Lee. See Meyers, 559 F.2d at 905. We reach this conclusion based upon the following analysis of the Meyers factors.

As to the first element, a review of the relevant caselaw exhibits that a finding of prejudice or surprise is influenced by an aggregate of certain influential circumstances. In examining these cases, we find it most helpful to view a finding of prejudice or surprise across a spectrum. For example, the greater the amount of time elapsed since the expiration of the deadline set forth in the scheduling order, the greater the probability of a finding of prejudice or surprise. See Konstantopoulos, 112 F.3d at 721 (finding prejudice where counsel was notified of expert over a year-and-a-half after the passing of the deadline); Klatch-Maynard v. Sugarloaf Twp., No. 06-845, 2011 WL 2006424, at *3 (M.D. Pa. May 23, 2011) (finding prejudice where expert report deadline was three-and-a-half years prior); but see In re Paoli R.R. Yard P.C.B. Litig., 35 F.3d 717, 792 (3d Cir. 1994) (finding that prejudice was extremely minimal where expert report was only a month late). Furthermore, a finding of prejudice is more likely the closer to trial the submission of the late evidence takes place, since the delay in providing an expert report or the identity of an expert witness furnishes the offending party with a "tactical advantage." Konstantopoulos, 112 F.3d at 719, 721 (prejudice found where trial was three weeks away); see also Klatch-Maynard, 2011 WL 2006424, at *3 (prejudice found where trial was imminent); but see In re Paoli R.R., 35 F.3d at 792 (no prejudice where there were four months before trial); Bauder v. Phila., Bethlehem & N.E. R. Co., No. 96-7188, 1998 WL 633651, at *4-5 (E.D. Pa. Aug. 28, 1998) (no prejudice where there was two months before trial to prepare for cross-examination or request additional time).

In the instant case, Plaintiff received the expert report of Dr. Lee from Defendant just over seven months after the expiration of the deadline. While the Court does not consider seven months an insignificant delay, we do find the instant case to lie closer to In re Paoli R.R. than to Konstantopoulos or Klatch-Maynard. In addition, Defendant's late submission occurred with more than a two month cushion before trial. As such, this time period places the instant case firmly in the In re Paoli R.R. and Bauder non-prejudice territory. See In re Paoli R.R., 35 F.3d at 792; Bauder, 1998 WL 633651, at *4-5. Overall, in consideration of the facts of the instant case and the relevant judicial precedent, we quantify the prejudice to Plaintiff as minimal.

The second element requires the Court to examine the ability to cure the prejudice. Meyers, 559 F.2d at 904–05. In this case, we find that any prejudice to Plaintiff can effectively be cured by allowing her an opportunity to depose Dr. Lee prior to trial. See In re Paoli R.R., 35 F.3d at 792 (finding that prejudice can be cured by allowing deposition before trial). The Court is confident in the viability of this solution due to the short nature of Dr. Lee's report and the adequate time remaining for Plaintiff to depose Dr. Lee and prepare for trial.

The third element examines the extent to which waiver of the rule against calling unlisted witnesses would disrupt the orderly and efficient trial of this case. Meyers, 559 F.2d at 904–05. In Klatch-Maynard, the Court found that "[r]eopening discovery when trial is imminent would disrupt the orderly and efficient trial." Klatch-Maynard, 2011 WL 2006424, at *4. However, in this case, trial is not imminent, and Plaintiff will have had over two months to prepare for Dr. Lee's testimony. As such, we do not find that this element favors Plaintiff.

In analyzing the fourth element, we find that there is no evidence of bad faith or willfulness on the part of Defendant. Rather, we surmise that Defendant's belief that the Scheduling Order did not apply to the current proceedings was in good faith, albeit incorrect.

Furthermore, it was an isolated incident, and Defendant notified and provided the expert report to Plaintiff promptly after retaining Dr. Lee. In consideration of these unique circumstances, we distinguish the instant matter from cases finding bad faith and/or willfulness. See In re TMI Litig., 193 F.3d 613, 722 (3d. Cir. 1999) (holding that plaintiffs' "repeated violation of numerous orders of this court, failure to seek leave of court before filing untimely reports, and 'covert' filing of additional reports as exhibits to a variety of unrelated motions rather than 'overtly' making supplemental filings, rises to the level of bad faith"); Klatch-Maynard, 2011 WL 2006424, at *5 (finding that allowing three-and-a-half years to elapse since the deadline expired for expert report with no substantial justification for the delay constitutes a willful failure to comply); Vorhes v. Mittal Steel USA, Inc., No. 06-1130, 2009 WL 959759, at *4 (W.D. Pa. Apr. 6, 2009) (holding that the late disclosure of an expert was "willful" where it was in clear violation of numerous Court Orders, counsel was aware of the expert report for approximately two years prior and counsel offered no substantial justification for the failure to disclose the expert witness).

Finally, our attention turns to the importance of Dr. Lee's expert report and testimony. Since neither party argues this element, we must make an independent evaluation of its significance. In our estimation, Dr. Lee's report refutes to some degree the injuries claimed by Plaintiff. As such, it appears it would occupy an important part of the defense offered by Defendant. Thus, we find that this prong militates in favor of allowing the report and testimony.

In consideration of the factors set forth by the Third Circuit in Meyers, we deny Plaintiff's Motion in Limine to exclude the expert report and testimony of Dr. Lee. In reaching this conclusion, the Court explicitly rejects Plaintiff's reliance on Flickinger v. Toys R Us, 2011

WL 3359646, as inapposite.[5] Although the time periods are similar, Flickinger is factually disparate in important aspects. First, in Flickinger, the late expert report relevant to our case was from Plaintiff's treating physician, who appeared in records delivered to Defendant, but whom Plaintiff neglected to identify as an expert witness. Id. at *4. Further, Plaintiff's only excuse was that it was an oversight. Id. Second, this was not an isolated incident. Id. Rather, Plaintiff had failed to timely file reports or identify several key experts, and now was attempting to drop them onto Defendant prior to the upcoming trial. Id. (stating that Defendant "should not have to scramble in the weeks before trial to deal with yet another expert opinion untimely submitted").

In the instant case, we have found that Defendant did not act in bad faith in failing to meet the deadline. On the contrary, we believe that Defendant was mistaken and acted to quickly rectify the error. Furthermore, unlike in Flickinger, the expert report of Dr. Lee is the sole transgression, and Plaintiff has sufficient time and opportunity to cure the prejudice.

## III. CONCLUSION

Applying the lessons of In re Paoli R.R. and Meyers, we find that the lesser sanction of providing Plaintiff with the opportunity to depose Dr. Lee is the correct remedy in this case. See In re Paoli R.R., 35 F.3d at 793; Meyers, 559 F.2d at 905. Accordingly, Plaintiff is granted a period of three weeks from the date of this Order to depose Dr. Lee. The date and time of this deposition shall be agreed upon by both parties.

An appropriate Order follows.

---

[5] The Court notes that Plaintiff mistakenly refers to this case as Flicker throughout its filings.